# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1624

_____

United States of America

*Plaintiff - Appellee*

v.

Eben Payne

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: November 27, 2015
Filed: December 4, 2015
[Unpublished]

_____

Before SMITH, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Eben Payne, against whom criminal charges were dismissed after he was repeatedly found incompetent to stand trial, appeals the district court's[1] order

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the

committing him under 18 U.S.C. § 4246, which permits indefinite hospitalization of a person found incompetent to proceed on criminal charges only if, after a hearing, the court finds by clear and convincing evidence that the person suffers from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. See United States v. Williams, 299 F.3d 673, 676 (8th Cir. 2002). Having reviewed the factual determinations underlying the district court's commitment decision for clear error, see id., we affirm for the reasons that follow.

While it is uncontested that Payne suffers from a mental disease or defect within the meaning of the statute, he argues on appeal that there was insufficient evidence of a nexus between his mental condition, in partial remission on antipsychotic medication, and a substantial risk of dangerousness if he should be released. In part, the district court relied on the report of a Risk Assessment Panel comprised of mental health professionals at the United States Medical Center for Federal Prisoners in Springfield, Missouri, where Payne is confined for treatment. Those professionals opined that Payne's release would be dangerous because his understanding of his mental illness and its ramifications lacked depth, he did not appear to recognize the degree to which his illness impairs his ability to function when he is not treated, and he minimized the harm that he had committed in the past when in the midst of a psychotic episode. Their opinion--combined with Payne's history of disruptive behavior and drug and alcohol use from a young age, his criminal charges suggesting involvement in murder and weapons, his pre-treatment paranoia, auditory hallucinations, aggressiveness, and self-described assault, and his limited insight into his mental condition and history of stating he would not take medication if given a choice--support the district court's commitment order. See United States v. Ecker, 30 F.3d 966, 970 (8th Cir. 1994) (suggested factors in determining potential

_____

Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.

-2-

dangerousness; overt acts of violence are not required); cf. Williams, 299 F.3d at 678 (testimony of government's experts, consistent with Risk Assessment Panel report, sufficed to establish "causal nexus" between mental defect and dangerousness).  We remind the government, however, that its "role here is not that of punitive custodian of a fully competent inmate, but benign custodian of one legally committed to it for medical care and treatment," and that its statutory duties include a continued effort to place Payne in a suitable state facility, and to prepare annual reports concerning his mental condition and the need for his continued hospitalization.  See Williams, 299 F.3d at 678 (internal quotations and citations omitted); United States v. Steil, 916 F.2d 485, 488 (8th Cir. 1990).

_____